CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 08 2013

JULIA C. DUDLEY, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SULEYMAN CILIV, d/b/a 77 CONSTRUCTION CONTRACTING AND TRADING COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> UXB INTERNATIONAL, INC., <br><br> Defendant. | Civil Action No.: 7:12-cv-290 <br><br> **Memorandum Opinion** <br><br> Hon. James C. Turk <br> Senior United States District Judge |

This matter is before the Court on Defendant's Motion to Dismiss the Complaint, ECF No. 28, and Plaintiff's Motion to Consolidate Cases or, Motion to Amend/Correct Complaint, ECF No. 36. The motions have been fully briefed and the Court heard argument on both motions on August 7, 2013. For the reasons set forth herein, Defendant's Motion to Dismiss is **GRANTED,** this case is **DISMISSED WITH PREJUDICE**, and Plaintiff's Motion to Consolidate or Amend is **DENIED AS MOOT**.

Defendant moves for dismissal of this breach of contract action under Fed. R. Civ. P. 12(b)(1). ECF Nos. 28, 29. It argues that this Court lacks subject matter jurisdiction because the Plaintiff lacks standing to assert the breach of contract claim in the Complaint. Specifically, Plaintiff purports to bring the suit in his own name, d/b/a 77 Construction Contracting and Trading Company, and in the Complaint, identifies that entity as a "foreign sole proprietorship." See ECF No. 1 at ¶ 1. After discovery in this matter, however, both parties agree that the party to the contract at issue, 77 Construction Company, is not a sole proprietorship, but instead is a limited liability company organized under the laws of Afghanistan. See ECF No. 29 at 1; ECF No. 38 at 1. As such, any breach of contract action to recover monies on behalf of the

1

corporation must be brought in its name, and cannot be asserted by an individual shareholder. For this reason, Defendant argues that the Plaintiff, as a shareholder, lacks standing to prosecute this action in his own name.

Plaintiff does not dispute this, but suggests a remedy other than dismissal. Specifically, Plaintiff's attorneys have recently filed a separate action in this Court, Civil Action No. 7:13cv340, in which the named plaintiff, 77 Construction Company, asserts nearly identical breach of contract and quantum meruit claims against UXB International, Inc.[1] Plaintiffs in both cases have moved to consolidate the two cases under Fed. R. Civ. P. 42 or, in the alternative, to allow the instant case to go forward, but to allow Plaintiff to amend his Complaint in this action to substitute the company as the proper party.

Based on this Court's conclusion—and the parties' agreement—that Plaintiff lacks standing and thus that subject matter jurisdiction is lacking, the Court concludes that neither consolidation nor amendment is permissible here. See ECF Nos. 29, 38 (Defendant's filings setting forth reasons and authority). In short, consolidation of two cases is improper where the Court lacks jurisdiction over one of them. See, e.g., ECF No. 38 at 3-4 (citing Appalachian Power Co. v. Region Properties, Inc., 364 F. Supp. 1273, 1277 (W.D. Va. 1973) and other authority so stating).

Similarly, a plaintiff who lacks standing is not permitted to "amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create

---

[1] The new suit brought on behalf of 77 Construction Company contains two counts—a breach of contract claim and a quantum meruit claim. See Civil Action No. 7:13cv340, ECF No. 1. The Complaint in this case originally included three counts. Two of those, including the quantum meruit claim, were dismissed by the Court, leaving only a breach of contract claim. See generally ECF Nos. 19, 20 (opinion and order of partial dismissal).

jurisdiction by amendment where none exists." 3 James William Moore, et al., Moore's Federal Practice ¶ 15.14[2] (3d ed. 1999), cited in Lans v. Gateway 2000, Inc., 84 F. Supp. 2d 112, 116-17 (D.D.C. 1999) and Arrow Drilling Co., Inc. v. Carpenter, 2003 WL 23100808, *5 (E. D. Pa. Sept. 23, 2003)); see also ECF No. 28 at 5-6 (discussing additional authority).

Accordingly, the Court **DENIES AS MOOT** Plaintiff's Motion to Consolidate or Amend and instead **DISMISSES** this suit without prejudice. See Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice . . ."). The claims of 77 Construction Company may go forward in the separate civil action that has already been filed and is pending before this Court.

An appropriate order shall issue this day.

ENTER: This 8th day of August, 2013.

Hon. James C. Turk
Senior United States District Judge

3